IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WENDY MCLAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-00039 GMS |
| | ) | |
| HIGH 5 HOSPITALITY, d/b/a BUFFALO WILD WINGS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

**I.     INTRODUCTION**

On January 26, 2016, the plaintiff, Wendy McLamb ("McLamb"), filed this lawsuit against her former employer, defendant High 5 Hospitality ("High 5"). (D.I. 1.)  In her complaint, McLamb alleges a deprivation of her statutory rights under the Fair Labor Standards Act of 1938 ("FLSA").  29 U.S.C. § 201 *et seq.*  (*Id.*, ¶ 5, 6, 7.)  McLamb claims that she was unlawfully paid a tip-credit cash wage from High 5 for untipped work unrelated to her tipped duties as a server and bartender that should be classified as a separate job ("the dual jobs claim"). She also claims she was unlawfully paid a tip-credit cash wage for a substantial amount—greater than 20% of her shifts—of tip-related but still un-tipped work ("the substantial work claim"). Lastly, she claims that she was paid a tip-credit cash wage without being notified of the tip-credit provisions of the FLSA ("the Failure to Inform claim").  Presently before the court is High 5's Motion to Dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 8.)  For the reasons below, the court will deny the motion in part and grant the motion in part.

## II.    BACKGROUND

McLamb worked as a server and bartender at High 5 over approximately a year and a half for a consistent salary of $2.25 per hour under the "tip credit" provisions of the FLSA.  (D.I. 1, ¶ 14–15); *see* 29 U.S.C. § 203(m).  During this time, she performed non-tipped work unrelated to her tipped duties as a server/bartender, and spent over 20% of her work time in at least one workweek performing non-tipped work related to her tipped duties.  (*Id.* ¶¶ 6, 16, 17, 27, 28.) Such work included but was not limited to sweeping up the parking lot, washing and re-stocking silverware and glassware, emptying and refilling sanitary buckets, rolling silverware, "opening" and "closing" the restaurant each day, and dusting televisions and ledges around the restaurant. (*Id.* ¶¶ 6, 16.)

High 5 requires its server and bartender employees to perform these unrelated and/or related-but-untipped duties by posting checklists in its restaurants.  (*Id.* ¶¶ 23–28.)  Managers use these checklists to verify that employees performed the tasks each shift.  (*Id.*)  High 5 does not have policies allowing employees to record their hours worked at varying wages depending on the type of work they did.  (*Id.* ¶ 31–35.)  Nevertheless, its point-of-sale computer system, which records shifts, can support such a policy by allowing them to "clock-in" for different types of work.  (*Id.*)

McLamb now alleges that High 5 violated her FLSA rights by paying her a tip-credit cash wage for work that lawfully cannot be covered by a tip-credit.  (*Id.* ¶¶ 47–48.)  She also alleges a violation of her FLSA rights through its failure to notify her and her fellow tip-credit employees of the tip-credit provisions of the statute.  (*Id.* ¶ 49.)

## III.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352 365 (3d Cir. 2012). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.    DISCUSSION

At the core of the dispute between the two parties is the question of whether a dual jobs claim and substantial work claim are viable causes of action under the FLSA. This question is one of first impression in the Third Circuit. Moreover, it is a question about which courts in other circuits have disagreed. After considering the limited case law on both sides of the issue, this court concludes that both causes of action are justiciable under the FLSA and that the plaintiff plausibly pleads such claims.

"Where an employee is engaged in two separate occupations, one tipped and one not tipped, the employer may take a tip credit only for the tipped occupation . . . [a situation] distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses." 29 C.F.R. §

531.56(e) ("the dual jobs regulation"). To state a dual jobs FLSA claim, a plaintiff must allege

that he or she routinely completed tasks "so far removed from a tipped occupation that they

cannot be reasonably regarded as 'related' duties." *Driver v. AppleIllinois*, 890 F.Supp.2d 1008,

1032 (N.D. Ill. 2012) (denying a motion for summary judgment on a dual jobs claim). *See also*

*Schaefer v. Walker Bros. Enterprises*, No. 10 CV 6366, 2014 WL 7375565, at *2 (N.D. Ill. Dec.

17, 2014) ("employers cannot take advantage of the tip credit when the employee performs tasks

unrelated to his tipped occupation" (quoting 29 C.F.R. § 531.56(e))).

"[W]here the facts indicate that specific . . . tipped employees spend a substantial amount

of time (in excess of 20 percent) performing general preparation work or maintenance, no tip

credit may be taken for the time spent in such duties." U.S. Dept. of Labor Field Operations

Handbook Ch. 30d00(e) (rev. June 30, 2000) ("the FOH"). "Where a pleading plausibly alleges

that an employee in a tipped occupation . . . performed related untipped duties more than 20% of

a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a

minimum wage tip-credit claim." *Hart v. Crab Addison, Inc., d/b/a Joe's Crab Shack*, No. 13-

CV-6458, WL 5465480, at *5 (W.D.N.Y. October 28, 2014).

Under FLSA section 203(m), employers cannot take tip credits unless they have informed

their employees of the provisions of section 203(m), specifically: (1) the amount of cash wage to

be paid to the employee by the employer; (2) the additional amount by which the employee's

wages are increased thanks to the tip credit (which cannot exceed the amount of tips they

actually receive); and (3) that all tips received by the employee, if not otherwise part of a valid

tip-pooling arrangement among employees who regularly and customarily receive tips, must be

retained by the employee who earns the tip. 29 C.F.R. § 531.59(b).

In support of its Motion to Dismiss, High 5 maintains McLamb fails to plausibly plead

any valid claims for three reasons: (1) McLamb has failed to allege in support of her dual jobs and substantial work claims that she was paid below minimum hourly wages overall on a week-by-week basis; (2) McLamb has failed to allege facts plausibly suggesting she was engaged in dual jobs; and (3) her substantial work claim is not a valid cause of action because it arises solely from an inconsistently-applied interpretation in the FOH rather than the FLSA itself.[1]  The court will address each contention in turn.

## A. The "workweek" analysis

High 5 first asserts that McLamb must allege in her dual jobs and substantial work claims that she was underpaid under a "workweek" analysis.  According to High 5, the "workweek" analysis involves calculating her hourly pay week-by-week, not hour-by-hour.  High 5 contends further that the plain language of the FLSA's minimum wage provision means that tips received by a tipped employee count towards their minimum wage regardless of the nature of their duties. 29 U.S.C. § 206(a).  In support of this position, High 5 cites the following language: "[W]hether [a plaintiff] is able to state a FLSA minimum wage violation depends on the total pay for the workweek divided by the total number of hours worked in that workweek . . . the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with § 206(a)." *Kirchgessner v. CHLN, Inc.*, 2016 U.S. Dist. LEXIS 1337, 10 (D. Ariz. Jan. 4, 2016); *accord Schaefer v. P.F. Chang China Bistro, Inc.*, 2014 U.S. Dist. LEXIS 105444 at *19 (D. Ariz. Aug. 1, 2015); *Richardson v. Mountain Range Restaurants LLC*, 2015 U.S. Dist. LEXIS 35008 (D. Ariz. Mar. 20, 2015); *Montijo v. Romulus, Inc.*, 2015 U.S. Dist. LEXIS 41848 at *24 (D. Ariz. Mar. 31, 2015).  Since McLamb declares only that she was paid

---

[1] Buffalo Wild Wings further avers that McLamb's failure to inform claim is without merit.  To this end, it has produced a copy of notice given to and signed by her on May 6, 2013.  (D.I. 9, Exh. 2.)  McLamb does not dispute the authenticity of this document.  Thus the court will dismiss this claim.

tip-credit wages for non-tip-credit eligible work and nothing more, High 5 reasons, she has failed to state a cause of action. (D.I. 9 at 10.)

McLamb points out that the four District of Arizona court cases on which High 5 relies, including *Kirchgessner*, were all part of a bundle of 27 nearly identical cases filed by the same lawyer, and decided by one judge. (D.I. 11 at 8.) The court finds High 5's argument unpersuasive and disagrees with the defendant's proposed reading of the FLSA. In *Christensen v. Harris County*, the Supreme Court concluded that a permissively phrased unambiguous provision of the statute did not preclude the employer's compensation scheme and commented that "[u]nless the FLSA *prohibits* respondents from adopting its policy, petitioners cannot show that Harris County has violated the FLSA." *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000) (finding that 29 U.S.C. § 207(o)(5) was unambiguous and permissively constructed). There, that statement was narrowly addressed to the permissively-phrased and unambiguous statutory provision at hand. *Id.* *Kirchgessner* and the related District of Arizona cases characterize this statement as an expansive declaration that "an employment practice does not violate the FLSA unless the FLSA prohibits it," and therefore any practice by an employer may stand so long as the FLSA does not specifically proscribe that scheme. *See Kirchgessner*, 2016 U.S. Dist. LEXIS 1337, at *9. The court declines to adopt this reading, but even if this were a reasonable interpretation of the court's words, it would not preclude McLamb's suit because the FLSA specifically proscribes what McLamb alleges in its dual jobs regulation. *See* 29 C.F.R. § 531.56(e) (stating that "no tip credit can be taken for [employee's] hours of employment" in non-tip-credit occupations).

In her complaint, McLamb avers that in her time as a server and bartender, she spent over 20% of her work time in one or more individual workweek performing related non-tipped work

as well as unrelated non-tipped work, including sweeping the parking lot and dusting television sets. (D.I. 1, ¶ 16.) For these labors, she further alleges, High 5 paid her at the rate of $2.25 an hour—the hourly rate authorized by the FLSA for tipped work only. (D.I. 1, ¶ 6.) The dual jobs regulation derives its authority from, and clarifies, FLSA sections 203(m) and (t), which are the provisions that establish the tip-credit exception to § 206's minimum wage rates in the first place. *See* 29 C.F.R. § 531.56(e). Moreover, for the court to hold that § 206 only grants a cause of action under a workweek analysis would read these other statutory provisions "out of existence." (D.I. 11 at 11 n.6.)

Other district courts have concluded that complaints like McLamb's pass pleading muster. Those cases involved allegations of the type made here: a tipped employee who performed untipped work as part of a second dual job or as more than 20% of the employee's workweek. *Hart*, WL 5465480, at *6; *see also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 106 F.Supp.3d 729 (D.S.C. 2015); *Volz v. Tricorp Mgmt. Company*, Case No. 15–0627–DRH–PMF, 2016 WL 146693, at *2-3 (S.D. Ill., Jan. 13, 2016). This is the gravamen of McLamb's arguments. (D.I. 1, ¶¶ 16, 47–48). As such, the court concludes that McLamb has met her pleading burden. She need not further allege that she was paid at a sub-minimum hourly rate under a "workweek" analysis. In addition, as McLamb suggests, a workweek analysis would force the court to make factual determinations that would in any event more properly be addressed at the summary judgment stage. (D.I. 11 at 12.)

**B. McLamb's dual jobs claim**

High 5 also claims McLamb has not pleaded facts showing that she was engaged in dual jobs. "[A] server's occupation involves side work, including the miscellaneous cleaning duties required for its graveyard servers. The server's performance . . . does not mean that a server is

7

performing another job classification." *Montijo*, 2015 U.S. Dist. LEXIS 41848 at *37. High 5 cites the Arizona district court's decision in *Montijo* for the proposition that the tasks listed by McLamb in her complaint are mere "side work"—not so far removed from a tipped occupation that they cannot reasonably be regarded as related duties. *Id.* Specifically, High 5 suggests that duties of the plaintiff in Montijo—taking out the trash, deep cleaning floors and restrooms, dusting and scrubbing walls—are comparable to those performed by McLamb—sweeping up trash in the parking lot, taking out garbage, dusting televisions and ledges around the restaurant and refilling sanitary buckets.

In *Driver v. AppleIllinois*, the Seventh Circuit Court of Appeals affirmed the district court's denial of defendant's motion for summary judgment and specific finding that the plaintiff had successfully stated a dual jobs claim. 739 F.3d 1073, 1075 (7th Cir. 2014). The tasks in *Driver* included washing windows, cleaning chandeliers, picking up trash in the parking lot, taking out garbage, restocking bathrooms, and dumping and refilling sanitary buckets. *Id.* at 1031–32. Of course, *Driver* is not controlling, but is certainly persuasive authority that suggests that dismissal of McLamb's complaint at this stage of the proceedings would be premature.

There is one point worthy of note in the Arizona cases. They found persuasive a ruling of the Southern District of Florida in *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007). The *Pellon* court's ruling did not come until summary judgment. *Id.* at 1309. In addition, the court based its decision on the plaintiff's dual jobs claim on its concern that the unrelated non-tipped tasks comprising plaintiff's dual jobs claim was exceedingly "intertwined with direct tip-producing tasks throughout the day" such that dividing the intertwined tasks would be "impractical or impossible." *Id.* at 1313–14. It remains to be seen whether that will become a concern based upon the facts in this case.

8

## C. The Department of Labor's Field Operations Handbook

Lastly, High 5 maintains that the substantial work claim must be dismissed because it comes from the Department of Labor's Field Operations Handbook ("FOH"). It argues that the FOH sub-regulation deserves no deference from the court because of its inconsistent application. (D.I. 12 at 7.) This court abides by the precept that it should "defer to an agency's interpretation of its regulations . . . unless the interpretation is plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." *AT&T Corp. v. Core Communications, Inc.*, 806 F.3d 715, 725 (3d Cir. 2015); *see also Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012).

To evaluate whether a sub-regulation deserves this kind of controlling deference, the court must find the regulation it interprets as ambiguous, and the sub-regulation in question as a reasonable interpretation thereof. *See Fast v. Applebee's Int'l., Inc.*, 638 F.3d 872, 876 (8th Cir. 2011). The dual jobs regulation distinguishes by its text between employees performing two distinct jobs, and an employee performing related duties "part of the time" and "occasionally". 29 C.F.R. § 531.56(e). The Eighth Circuit reasoned that "Because the regulations do not define "occasionally" or "part of [the] time" for purposes of § 531.56(e), the regulation is ambiguous." *Fast*, 638 F.3d 872 at 880. Furthermore, by offering the quantity of "less than 20% of the total work time" as a clarification of "occasionally," the sub-regulation is a reasonable interpretation, and certainly not "clearly erroneous or inconsistent with the regulation." *Id.* at 880–81. High 5's assertion that the Supreme Court's later holding in *Christopher v. SmithKline* somehow ruptures this reasoning is unfounded. *Christopher*, 132 S. Ct. 2156. The majority's reasoning in *Christopher* is consistent with the approach taken by *Fast*. Moreover, *Christopher* concerns an

9

entirely different sub-regulation and FLSA section. *Id.* at 1261 (concluding that according deference to the sub-regulation defining "outside salesmen" would impose "potentially massive liability on respondent for conduct that occurred well before that interpretation was announced."). The court agrees with the Eighth Circuit's reasoning in *Fast*, and finds as an initial matter that § 531.56(e) is ambiguous and that the FOH's sub-regulation is a reasonable interpretation of its ambiguity.

In support of its contention that the FOH's substantial work sub-regulation has nonetheless been inconsistently applied, High 5 points to a pair of District of Arizona court opinions finding the sub-regulation unpersuasive due to its inconsistent application. *See Kirchgessner v. CHLN, Inc.*, 2016 U.S. Dist. LEXIS 1337, (D. Ariz. Jan. 4, 2016); *see also Richardson v. Mountain Range Restaurants, Inc.*, 2015 U.S. Dist. LEXIS 35008 (D. Ariz. Mar. 19, 2015). Following the support it deems persuasive in these opinions, High 5 cites an unpublished opinion letter which rejected the 20% analysis entirely. DOL WHD Opinion Letter 2009-23. It also lists opinion letters written before the sub-regulation was created in 1988 as evidence of inconsistency.

The court finds the authority cited by High 5 to be unpersuasive. First, the cases cited appear to be outliers in the current legal landscape, as a greater number of jurisdictions have given deference to the sub-regulation in question. *See, inter alia, Volz*, 2016 WL 146693, at *2 n.1; *Irvine v. Wild Dunes Mgmt., Inc.*, 106 F.Supp.3d 729 (D.S.C. 2015); *Flood v. Carlson Restaurants*, 94 F.Supp.3d 572, at 583–84 (S.D.N.Y. 2015); *Hart*, WL 5465480, at *5. Second, High 5 offers no compelling proof that the substantial work interpretation has been inconsistently applied since its creation in 1988. The unpublished 2009-23 letter on which it relies rejected the sub-regulation, but also declared that the FOH would soon be revised to remove the 20%

10

provision. *See* DOL WHD Opinion Letter 2009-23. Yet, this letter was neither published nor "adopted or relied on" by the DOL. *Irvine*, 106 F.Supp.3d at 733 (pointing out the DOL explicitly reaffirmed the FOH in its subsequent published 2009 FAQ's). Third, behavior by the DOL prior to the sub-regulation's existence has no bearing on its weight post-creation. In the absence of compelling evidence suggesting this FOH interpretation has been inconsistently applied or is at odds with the regulation it refines, the court will defer to it and recognize a substantial work cause of action.

McLamb has alleged that as a server she spent between 30 and 40% of her time performing untipped related work, and at least 25% of her time as a bartender doing same. (D.I. 1, ¶ 16 n.1.) Thus, she has met her burden at the pleading stage to establish a plausible substantial work claim.

## V.   CONCLUSION

For the foregoing reasons, the court will deny High 5's Motion to Dismiss (D.I. 8), except with respect to McLamb's failure to inform claim.

Dated: July 12, 2016

UNITED STATES DISTRICT COURT